Chief Justice Robertson-
delivered the opinion of the Court.
Mary We ague, as executrix of Jacob "Weagle, deceased, prosecuted a scire facias, to revive a judgment for costs, which had been rendered in favor of herself and said Jacob, her husband, in an action of trespass prosecuted by them against Fielding Hensley.
The circuit court sustained a demurrer to the scire facias, and thereupon gave judgment for costs, lo be levied <le bonis t stator is.
To reverse that judgment, this writ of error is prosecuted with a supersedeas.
As the action of trespass tvas carried on in the joint right of husband and wife, the legal inference is, that the wile was the meritorious cause of action. For a chose in action accruing to the wife dum sola, and for an injury sustained by the wife during coverture, the husband and wife must join in the action, and the suit will not abate in consequence of his death,pmdentc lite; the cause of action will survive to the wife; and a judgment obtained in such a case by husband and wife, will survive to her. Even when the. husband may sue alone, yet if he join his wife, the action and judgment too will survive to her. See Clanccy on rights, 4, 113, 15, 16, and Chilty on pleading; 22.
As costs arc incidental to the action and to the principal judgment, we can perceive no reason why a judgment for costs in a suit prosecuted by baron and feme, causa wcoris should nolsurvivc to her whenever the cause of action, or the judgment in chief, would survive. The same principles and analogies apply equally to both kinds of judgments,and therefore the same rigbtof survivorship must exist in the one as the other.
The right to the judgment for costs having survived to the wife, .thei e was no necessity for a scire facias for revivor. The survivor was entitled to an execution on the judgment, to be issued in the joint names conform- *379 ably to the judgment; 2d Tidd, 1029; 1st ixl. Raymond, 244; I Said. 319.
A judgment for costs, in a suit proseout'ed by husband and wife causa uxoris, survives to the wife whenever the cause of action or judgment in chief would survive to her. When a judgment, on the death of the husband, survives to the wife, she is entitled without scire facias, to have execution* issued on the judgment in the names of herself and husband.
Davis, for plaintiff; Hanson, for defendant.
But if a revivor had been necessary, the judgment should be revived in the individual rigid of the survivor, and not in her representative character as executrix of her deceased husband. The scire facies was not, therefore, maintainable in the name of the executrix.
But although the circuit court decided correctly in sustaining the demurrer to the si ire facias, the judgment for costs is not warranted by law. The scire facias was but a continuation of the suit; (2d Tidd, 893.) The judgment on which it was founded, was rendered in the life time of the testator; and it is w'ell settled, as a general rule, that a personal representative suing in autre droit on a cause of action, tine foundation of which was laid in the lifetime, and in the right of the testator or intestate, is not liable to a judgment for costs, either de bonis propr¿is or test itoris. The plaimiff was not, therefore, re-ponsihle for costs incurred in attempting to revive, and thus to enforce a judgment, rendered in the life time oilier testator.
The judgment for costs is, therefore, reversed, and the judgment on the demurrer is affirmed.
There will be no judgment for costs in this court, Duval vs. Burtis, II Marshall, 120.